IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| COUNTY OF FALLS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:18-cv-47-RP-JCM |
| PURDUE PHARMA, LP, et al., | § § § | |
| Defendants. | § | |

## **ORDER**

Before the Court are two motions. The first is a Motion to Stay filed by Defendants AmerisourceBergen Corporation, McKesson Corporation, and Cardinal Health, Inc. (collectively, "Distributor Defendants"). (Dkt. 6). The second is a Motion to Remand filed by Plaintiff County of Falls ("Falls County" or "the county"). (Dkt. 5). This case is one of hundreds of lawsuits against pharmaceutical companies relating to the sale, marketing, and distribution of opioid medications. (Mot. Stay, Dkt. 6, at 4). Many of the federal cases have been transferred to the United States District Court for the Northern District of Ohio for consolidated proceedings ("the MDL"). (*Id.*). The Distributor Defendants ask the Court to stay this action until the Joint Panel on Multidistrict Litigation ("JPML") decides whether to transfer this action to the MDL. (*Id.* at 7). Falls County, meanwhile, argues that the presence of nondiverse defendants deprives this Court of subject-matter jurisdiction and asks the Court to deny the motion to stay and remand the case to state court before the case is transferred. (Mot. Remand, Dkt. 5; Resp. Mot. Stay, Dkt. 11). After considering the parties' arguments and the relevant law, the Court agrees with Falls County that it lacks subject matter jurisdiction over this action and that remand is proper.

# I. BACKGROUND

Falls County filed this action in the 82nd Judicial District Court of Falls County, Texas, on January 4, 2018, against a number of defendants that distribute or manufacture opioid medications. (Orig. Pet., Dkt. 1-1, at 11–12). Specifically, those defendants include the Distributor Defendants, a group of Doe defendants, and a group of manufacturers: Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Abbvie Inc.; Knoll Pharmaceutical Company, a wholly-owned subsidiary of Abbvie Inc.; Allergan PLC f/k/a Actavis PLC; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. (collectively, the "Manufacturer Defendants").

On February 15, 2018, the Distributor Defendants removed this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the basis of diversity jurisdiction. (Not. Removal, Dkt. 1, at 5). The next day, the Distributor Defendants filed their Motion to Stay, (Dkt. 6), and the county filed its Motion to Remand, (Dkt. 5).

# II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity— if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Moreover, 28 U.S.C. § 1441(b)(2)

provides that a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### III. MOTION TO STAY

The Distributor Defendants argue that a stay will conserve judicial resources and prevent inconsistent pretrial rulings by permitting the JPML to decide whether to transfer this case. (Mot. Stay, Dkt. 6, at 5). Other federal courts have decided to stay similar cases in the interest of promoting uniformity through the MDL. (Reply Mot. Stay, Dkt. 20, at 4 (citing *Estate of Brockel v. Purdue Pharma L.P.*, No. 1:17-cv-00521, Dkt. No. 58 at 11 (S.D. Ala. Feb. 27, 2018)). However, Falls County points out that district judge presiding over the MDL has issued a moratorium on substantive filings and that their motion to remand may not be considered for some time. (Resp. Mot. Stay, Dkt. 11, at 1). More importantly, if this Court lacks subject matter jurisdiction over this action, it has no authority to stay this action. *See In re Querner*, 7 F.3d 1199, 1201 (5th Cir.1993) ("Where a federal court lacks jurisdiction, its decisions, opinions, and orders are void.").

### IV. MOTION TO REMAND

The Distributor Defendants admit that Falls County is a Texas citizen and that at least one of the Manufacturer Defendants, Purdue Pharma, L.P., is a Texas citizen. (Not. Removal, Dkt. 1, at 5, 7 n.2). There is thus no question that if the Manufacturer Defendants are properly joined, the Court lacks subject matter jurisdiction over this action. *See Flagg*, 819 F.3d at 136.

The Distributor Defendants therefore argue that the Manufacturer Defendants are *not* properly joined and that the Court should sever the county's claims against the two sets of defendants. (*Id.* at 7; Resp. Mot. Remand, Dkt. 18, at 4). Specifically, the Distributor Defendants argue that the Manufacturer Defendants are neither necessary parties under Federal Rule of Civil Procedure 19 nor appropriately joined parties under Rule 20. (Not. Removal, Dkt. 1, at 8–12; Resp. Mot. Remand, Dkt. 18, at 5–10). The Distributor Defendants move for severance under Rule 21 or the fraudulent misjoinder doctrine.[1] (Not. Removal, Dkt. 1, at 7, 12; Resp. Mot. Remand, Dkt. 18, at 4, 10).

*A. Rule 21*

Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). Courts often consider the following factors when deciding to sever a claim under Rule 21:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Aspen Tech., Inc. v. Kunt*, No. 4:10-CV-1127, 2011 WL 86556, at *2 (S.D. Tex. Jan. 10, 2011) (collecting cases); *see also Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11-CV-2205-D, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012) (citing the same five factors); *In re S. Scrap Material Co., L.L.C.*, 713 F. Supp. 2d 568, 588 (E.D. La. 2010) (same). "Although courts have looked to Rule 20 for guidance in the absence of any standards in Rule 21, courts may sever claims even where the requirements of Rule 20(a) for permissive joinder have been satisfied." *E. Cornell Malone*

---

[1] The Distributor Defendants' position is not that the Manufacturer Defendants were fraudulently joined, *see Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (considering whether a plaintiff can survive a Rule 12(b)(6)-type analysis of its claims against a nondiverse defendant), but rather that they were fraudulently misjoined, *see Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (considering whether a defendant was properly joined under Federal Rule of Civil Procedure 20).

*Corp. v. Sisters of the Holy Family, St. Mary's Acad. of the Holy Family*, 922 F. Supp. 2d 550, 561 (E.D. La. 2013) (going on to consider the five-factor test). Accordingly, the Court will consider whether the Manufacturer Defendants are properly joined under Rule 20 as well as whether severance is proper under the five-factor test frequently employed by courts in this circuit.

Under Rule 20, multiple defendants may be joined if (a) "any right of relief is asserted against them jointly" and (b) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The first factor is satisfied: Falls County asserts three causes of action against every defendant (public nuisance, fraud, and unjust enrichment), and two causes of action (negligence, gross negligence) against both the Manufacturer Defendants and the Distributor Defendants. (Orig. Pet., Dkt. 1-1, at 55–63).

So, too, is the second—the county's petition presents a number of common factual and legal questions. For example, Falls County alleges that "[e]ach Defendant used direct marketing and unbranded advertising disseminated by seemingly independent third parties to spread false and deceptive statements about the risks and benefits of long-term opioid use." (*Id.* ¶ 40). The county alleges that "each Defendant promoted the use of opioids for chronic pain through 'detailers'—sales representatives who visited individual doctors and medical staff in their offices—and small-group speaker programs." (*Id.* ¶ 44). The county also alleges that "[e]ach Defendant disregarded its legal duty to report suspicious opioid prescriptions, and each Defendant financially benefitted from the other Defendants (both Manufacturer and Distributor Defendants), disregarding their individual duties to report." (*Id.* ¶ 14).[2] The county at times explicitly alleges that the Distributor Defendants acted in concert with the Manufacturer Defendants. (*Id.* ¶ 14 ("The Manufacturer Defendants and Distributor Defendants worked hand [in] glove to glut the U.S. and Falls County with more opioids . . .")). And the county's petition makes it clear that its causes of action arise out of conduct allegedly

---

[2] Beyond these examples, the county's petition is replete with allegations about the conduct of "Defendants" writ large; the Court interprets these allegations to pertain to both the Manufacturer and Distributor Defendants.

performed by both sets of defendants. (*See id.* ¶ 154 ("Defendants . . . in concert with each other, have contributed to and/or assisted in creating and maintaining a condition . . ."); *id.* ¶ 167 ("Defendants . . . in concert with each other, fraudulently represented to physicians . . .")). In determining the truth of these common allegations, the factfinder will resolve fact issues common to both the Manufacturer and Distributor Defendants. These allegations suffice to permit the joinder of both the Manufacturer and Distributor Defendants to this action.

These allegations also establish the first two *Aspen Tech* factors against severance under Rule 21. The remaining factors weigh against severance, as well. In light of the overlapping fact allegations, it is likely that the county would marshal some of the same evidence to prove its claims against both sets of defendants. Should the Court sever this action, the county would be prejudiced by Defendants' ability to assign blame to an absent party in each case. (Mot. Remand, Dkt. 5, at 3, 6–7, 9). These factors outweigh any efficiencies that might be gained if the severed claims against the Distributor Defendants are transferred to the MDL. The Court therefore finds that severance under Rule 21 is inappropriate.

### B. Fraudulent Misjoinder

Under the fraudulent misjoinder doctrine,[3] meanwhile, failure to comply with the joinder requirements of Rule 20 can, in limited circumstances, "be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possible cause of action." *Texas Instruments Inc. v. Citigroup Glob. Markets, Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010) (citation and quotation marks omitted). More than "mere misjoinder" is required; only the "most egregious" instances of

---

[3] The fraudulent misjoinder doctrine stems from the Eleventh Circuit's opinion in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The Fifth Circuit has not explicitly adopted the doctrine, though it has cited it approvingly. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (citing *Tapscott*). In light of *Crockett*, "most district courts within this circuit have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted, *Tapscott*." *Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008) (collecting cases). Accordingly, the Court will assume without deciding that the fraudulent misjoinder doctrine applies in the Fifth Circuit for the purposes of deciding Falls County's motion to remand.

misjoinder rise to the level of fraudulent misjoinder: those in which the "wholly distinct" claims of, or against, the nondiverse parties are so lacking any "real connection with the controversy" that their joinder "borders on a sham." *Id.* (citation and quotation marks omitted). "Empirically speaking, a finding of fraudulent misjoinder . . . is reserved for a very small handful of the most extreme cases." *Id.* at 152. "[W]hen a single plaintiff or group of plaintiffs asserts the same cause of action against all of the defendants in a case, there is no basis to claim the defendants have been fraudulently misjoined." *Id.*

This case does not present the sort of extreme case for which fraudulent misjoinder is reserved. Falls County has asserted five causes of action against both the Manufacturer and Distributor Defendants. As discussed above, the claims against each set of defendants are hardly wholly distinct or lacking any real connection; on the contrary, they raise a host of common factual and legal issues. The Court therefore finds that Falls County did not fraudulently misjoin the Manufacturer Defendants and declines to sever the county's claims against them on that basis.

## V. CONCLUSION

For these reasons, **IT IS ORDERED** that the Distributor Defendants' Motion to Stay, (Dkt. 6), is **DENIED**. Falls County's Motion to Remand, (Dkt. 5), is **GRANTED**. This case is remanded back to the 82nd Judicial District Court of Falls County, Texas.

**SIGNED** on March 28, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE